[Cite as *Glover v. S. Ohio Correctional Facility*, 2010-Ohio-4785.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JIM T. GLOVER

     Plaintiff

     v.

SOUTHERN OHIO CORRECTIONAL FACILITY

     Defendant

     Case No. 2009-09540-AD

Clerk Miles C. Durfey

MEMORANDUM DECISION

## FINDINGS OF FACT

{¶ 1} 1) On or about March 26, 2007, plaintiff, Jim T. Glover, an inmate incarcerated at defendant, Southern Ohio Correctional Facility (SOCF), was transferred from SOCF to the Lorain County Jail for a court appearance in the Lorain County Court of Common Pleas. Plaintiff stated that while he was housed in the Lorain County Jail he was given a pair of white Nike Air Force One tennis shoes. Plaintiff pointed out that when he was transferred back to SOCF several months later his tennis shoes were confiscated, placed in long term storage, and lost at sometime while under the control of SOCF personnel. Plaintiff advised that he first discovered the shoes were lost when he was transferred from SOCF to the Ohio State Penitentiary (OSP) on November 26, 2008 and the shoes were not among his packed property. Plaintiff implied that his shoes were lost as a proximate cause of negligence on the part of SOCF staff in exercising control over the property. Plaintiff filed this complaint requesting damages in the amount of $125.00, the stated replacement cost of the shoes. Payment of the filing fee was waived.

**{¶ 2}** 2) Defendant denied liability in this matter specifically denying that any SOCF personnel "ever took possession of the shoes described in plaintiff's complaint." Defendant maintained that there is no record or other documentation showing SOCF staff took control over the pair of Nike tennis shoes.

**{¶ 3}** 3) Plaintiff filed a response claiming that his shoes were confiscated by SOCF personnel. Plaintiff did not supply any supporting documentation to establish any shoes that were in his possession were confiscated.

## CONCLUSIONS OF LAW

**{¶ 4}** 1) This court in *Mullett v. Department of Correction* (1976), 76-0292-AD, held that defendant does not have the liability of an insurer (i.e., is not liable without fault) with respect to inmate property, but that it does have the duty to make "reasonable attempts to protect, or recover" such property.

**{¶ 5}** 2) Although not strictly responsible for a prisoner's property, defendant had at least the duty of using the same degree of care as it would use with its own property. *Henderson v. Southern Ohio Correctional Facility* (1979), 76-0356-AD.

**{¶ 6}** 3) Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD.

**{¶ 7}** 4) Plaintiff must produce evidence which affords a reasonable basis for the conclusion that defendant's conduct is more likely than not a substantial factor in bringing about the harm. *Parks v. Department of Rehabilitation and Correction* (1985), 85-01546-AD.

**{¶ 8}** 5) In order to recover against a defendant in a tort action, plaintiff must produce evidence which furnishes a reasonable basis for sustaining his claim. If his evidence furnishes a basis for only a guess, among different possibilities, as to any essential issue in the case, he fails to sustain the burden as to such issue. *Landon v. Lee Motors, Inc.* (1954), 161 Ohio St. 82, 53 O.O. 25, 118 N.E. 2d 147.

**{¶ 9}** 6) Plaintiff has failed to prove that shoes were delivered into defendant's custody and control. Plaintiff's failure to prove delivery of the property to defendant constitutes a failure to show imposition of a legal bailment duty on the part of defendant in respect to lost property. *Prunty v. Department of Rehabilitation and Correction* (1987), 86-02821-AD.

{¶ 10} 7)    Plaintiff cannot recover for property loss when he fails to produce sufficient evidence to establish that defendant actually assumed control over the property.  *Whiteside v. Orient Correctional Inst.*, Ct. of Cl. No. 2002-05751, 2005-Ohio-4455 obj. overruled, 2005-Ohio-5068.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JIM T. GLOVER

    Plaintiff

    v.

SOUTHERN OHIO CORRECTIONAL FACILITY.

    Defendant

    Case No. 2009-09540-AD

Clerk Miles C. Durfey

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.

_____
MILES C. DURFEY
Clerk

Entry cc:

Jim T. Glover, #513-970               Gregory C. Trout, Chief Counsel
P.O. Box 45699                        Department of Rehabilitation
Lucasville, Ohio  45699               and Correction
                                      770 West Broad Street
                                      Columbus, Ohio  43222

RDK/laa
5/13
Filed 6/8/10
Sent to S.C. reporter 10/1/10